IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 27 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

THE DALLAS/FORT WORTH            §
INTERNATIONAL AIRPORT BOARD,     §
                                 §
        Plaintiff,               §
                                 §
VS.                              §      NO. 4:13-CV-753-A
                                 §
INET AIRPORT SYSTEMS, INC.,      §
ET AL.,                          §
                                 §
        Defendants.              §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, The

Dallas/Fort Worth International Airport Board ("DFW"), to dismiss

counterclaim. The court, having considered the motion, the

response, the reply, and applicable authorities, finds that the

motion should be denied.

I.

Proceedings to Date

This case was originally filed in the 17th Judicial District

Court of Tarrant County, Texas, and brought before this court by

notice of removal filed September 12, 2013. DFW's claims relate

to the alleged breach of a contract to complete certain work at

the Dallas/Fort Worth International Airport. After the removal,

defendant INET Airport Systems, Inc., joined by its alleged

successor in interest, INET Airport Systems, LLC, (collectively

"INET"), filed counterclaims against DFW for breach of contract

and related claims. Specifically, INET alleges that DFW owes it
retainage in the amount of $78,825, as well as payment for work
performed in the amount of $240,364, for a total of $319,189 plus
interest. The amount of the damages alleged by DFW far exceeds
the amount sought by the counterclaims.

By order signed September 19, 2013, the court ordered DFW to
replead in accordance with pleading rules applicable in federal
court. DFW filed its amended complaint on September 30, 2013,
admitting that the court had diversity jurisdiction. On October
17, 2013, INET filed its counterclaims. On November 6, 2013, DFW
filed a motion to dismiss the counterclaims. The sole ground of
the motion was that INET Airport Systems, Inc. had forfeited its
corporate charter for failure to pay state franchise taxes. By
memorandum opinion and order signed January 28, 2014, the court
denied the motion.

In the meantime, on December 18, 2013, the parties filed
their joint status report in which they stated that there were no
challenges to jurisdiction. By order signed December 26, 2013,
the court set a schedule for the trial and provided special
pretrial instructions. The order established deadlines for the
filing of motions to join other parties, for summary judgment,
for continuance, and for leave to amend. The order further
provided that any other motion (other than motions in limine)

2

must be filed at least thirty days before the scheduled pretrial conference, which was set for April 6, 2015.

On February 4, 2014, DFW filed its answer to INET's counterclaims. DFW did not assert or otherwise refer to any right to immunity under any circumstance. The docket does not reflect that anything of substance occurred throughout the remainder of 2014.

The parties vigorously pursued their claims and, ultimately, on January 21, 2015, the last day for doing so, each filed a motion for summary judgment. DFW's motion sought judgment as to breach of contract (but not damages), inability of INET to prevail on its counterclaims, and inability of INET to prevail on its affirmative defenses. Defendants' motion sought judgment as to certain affirmative defenses including excuse and prior material breach. In addition, Hartford Fire Insurance Company sought judgment that DFW's claim on the performance bond was barred by limitations. None of the summary judgment papers filed by any party mentions immunity under any circumstances. By memorandum opinion and order dated March 30, 2015, the court granted defendants' motion and denied DFW's motion. In sum, the court determined that DFW had breached the contract and prevented INET from completing its performance thereunder.   In connection

with that order, the court rendered a final judgment dismissing with prejudice DFW's claims against defendant Hartford.

On April 6, 2015, the case came on for pretrial conference. Three days beforehand, the parties submitted to the court their agreed pretrial order, signed by counsel for each of them. The pretrial order made no mention of any jurisdictional issue or allegation that DFW would be entitled to immunity under any circumstance. Instead, it stated plainly on the first page that there were "no pending jurisdictional issues." Further, the full and complete statements of claims and counterclaims contained no mention of immunity or of any question with regard to the court's jurisdiction over the counterclaim remaining.[1] Pre-trial order at 2-5. INET specifically stated that it was seeking to recover, in addition to damages, prejudgment and post-judgment interest, attorney's fees under Tex. Loc. Gov't Code § 271.153, and costs. Id. at 5.

DFW spent a majority of the conference attempting to relitigate the court's summary judgment rulings. After the conference had been going for over 45 minutes, DFW announced that it had that morning filed a motion to dismiss INET's counterclaim

---

[1]The court's March 30 order granted DFW's motion as to the counterclaims for unjust enrichment and money had and received.

for lack of subject matter jurisdiction.[2] DFW explained its position that the court had jurisdiction to consider its breach of contract claim against defendants and had jurisdiction to consider the counterclaims as long as they would be considered an offset to DFW's claims. But, once the court concluded that DFW should take nothing on its claims, the court no longer had jurisdiction over the counterclaims because DFW's immunity had not been waived for purposes of this court considering such counterclaims standing alone. The court and counsel discussed this new wrinkle, among other matters, as well as the authority of INET to pursue its counterclaims given that there had been an asset sale at some point during the proceedings. The court ordered the parties to make further filings so that it could consider these matters. In addition, and pursuant to the discussions during the pretrial conference, the court ordered that DFW's claims against defendant Michael Colaco be dismissed with prejudice and made that ruling final as well.

## II.

### Law Applied to the Facts

The law is clear, and INET does not dispute, that DFW is a governmental entity that is entitled to sovereign immunity unless

---

[2]DFW did not seek leave to file the motion, as it should have done since the deadline for filing motions had long expired.

such immunity has been waived. In particular, as this case concerns claims arising under a written contract between DFW and INET, the provisions of Tex. Loc. Gov't Code §§ 271.151-.160 ("Subchapter I") are applicable.

Pursuant to Tex. Loc. Gov't Code § 271.152, a local governmental entity that is authorized to enter, and enters into, a contract waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions set forth in Subchapter I. Section 271.153 sets limitations on amounts that can be awarded.  Section 271.159 saying that there can be no recovery of attorney's fees unless the contract so provides was repealed effective June 19, 2009. Acts 2009, 81st Leg., R.S., ch. 1266, § 16, eff. June 19, 2009. And, section 271.156 provides that the subchapter does not waive sovereign immunity to suit in federal court.

DFW must concede that it consented to the removal of this action and has vigorously pursued its claims in this court. DFW does not question that the court had jurisdiction to rule on the claims it asserted against defendants; nor does it question that the court had jurisdiction to consider INET's counterclaims as long as they would have operated to offset any amount to be recovered by DFW.[3] <u>See Reata Constr. Corp. v. City of Dallas</u>, 197

---

[3]On this point, state and federal law appear to agree. When a sovereign files suit, it waives immunity as to claims of the defendant which assert matters in recoupment–

(continued...)

S.W.3d 371, 377 (Tex. 2006)(when a governmental entity files suit, the defense is entitled to plead and prove all matters properly defensive; entity continues to have immunity from affirmative damages for relief exceeding the amount necessary to offset the entity's claims). See also City of Dallas v. Albert, 354 S.W.3d 368 (Tex. 2011).

DFW alleges that now that the court has ruled against it on its claims, the court no longer has subject matter jurisdiction to consider INET's counterclaims. Immunity, however, "does not implicate a federal court's subject matter jurisdiction in any ordinary sense" and "may even be forfeited by . . . failure to assert it." Hill v. Blind Indus. & Servs., 179 F.3d 754, 760 (9th Cir. 1999)(quoting ITSI TV Prods., Inc. v. Agricultural Ass'ns, 3 F.3d 1289, 1291 (9th Cir. 1993)). Immunity is a privilege that may be waived. State of Missouri v. Fiske, 290 U.S. 18, 24 (1933).

---

[3](...continued)
arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the 'same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount sought by it as plaintiff.

Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967) (internal footnotes and citations omitted).

The question is whether DFW's actions thus far have operated to waive its new claim of sovereign immunity. The parties recognize that there are two forms of sovereign immunity: immunity from suit and immunity from liability. The former is a federal question to be determined under federal law; the latter is a matter of state law.[4] Carty v. State Office of Risk Mgmt., 733 F.3d 550, 553-55 (5th Cir. 2013). The test for determining waiver of immunity from federal court jurisdiction is a stringent one. College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999). Generally, waiver exists where the governmental entity voluntarily invokes the court's jurisdiction or otherwise makes clear that it intends to submit itself to the court's jurisdiction.[5] Id. at 675-76. For example, joining in the removal of an action constitutes waiver of sovereign immunity. Lapides v. Bd. of Regents, 535 U.S. 613, 624 (2002). The entity "cannot simultaneously proceed past the motion and answer stage to the merits and hold back an immunity defense." Neinast v. Texas, 217 F.3d 275, 279 (5th Cir. 2000). This is because, by choosing to come into court as a plaintiff, a

---

[4]Under Texas law, sovereign immunity from liability is treated as an affirmative defense, which must be pleaded or else it is waived. Carty v. State Office of Risk Mgmt., 733 F.3d 550, 555 (5th Cir. 2013)(citing Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)). DFW has not pleaded immunity from liability.

[5]College Savings Bank makes clear that a state does not consent to suit in federal court merely by consenting to suit in its own courts. 527 U.S. at 676 (citing Smith v. Reeves, 178 U.S. 436 (1900)).

party otherwise immune from suit "receive[s] the same consideration as . . . other parties in interest." <u>State of Missouri v. Fiske</u>, 290 U.S. at 28.

Here, DFW allowed the case to be removed from state court without ever asserting or advising in any manner that it was or would be entitled to immunity as to any claims of defendants. DFW was not a mere involuntary party to this action, but vigorously pursued its claims. DFW filed a motion to dismiss defendants' counterclaims, never mentioning immunity. When the motion to dismiss was denied, DFW filed an answer to the counterclaims, again never mentioning immunity. And, more importantly, DFW filed a motion for summary judgment on the merits before raising immunity. After learning of the court's rulings on the motions for summary judgment, DFW signed a pretrial order in which it never raised the issue of immunity or the contention that the court could not proceed with the claims remaining in the case. In fact, the word "immunity" was not mentioned until the pretrial conference was nearly concluded. These actions, evidencing DFW's intent to defend the counterclaims on the merits, constitute waiver of the defense of immunity. <u>Kermode v. Univ. of Miss. Med.</u>

Ctr., 496 F. App'x 483, 489 (5th Cir. 2012)[6]; <u>Int'l Truck & Engine</u>
<u>Corp. v. Bray</u>, 372 F.3d 717, 720 n.4 (5th Cir. 2004).

### III.

### <u>Order</u>

For the reasons discussed herein,

The court ORDERS that DFW's motion to dismiss counterclaim
be, and is hereby, denied.

SIGNED April 27, 2015.

_____
JOHN McBRYDE
United States District Judge

---

[6]The court recognizes that <u>Kermode</u> is an unpublished opinion and, therefore, not precedent. However, the opinion is instructive in that it points out that failure to plead immunity makes a difference in the court's analysis.