IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| THE DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, | § § § |
|---|---|
| Plaintiff, | § § |
| VS. | § NO. 4:13-CV-753-A § |
| INET AIRPORT SYSTEMS, INC., ET AL., | § § § |
| Defendants, | § § |
| and | § § |
| INET AIRPORT SYSTEMS, INC., ET AL., | § § § |
| Counterclaimants. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the second motion of counterclaimants, INET Airport Systems, Inc. ("INET Inc."), and INET Airport Systems, LLC, as successor in interest to INET Airport Systems, Inc. ("INET LLC"), (collectively "INET") for attorney's fees. The court, having considered the motion, the response of plaintiff, The Dallas/Fort Worth International Airport Board, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On March 30, 2015, the court signed a memorandum opinion and order granting in part and denying in part plaintiff's motion for

summary judgment and granting defendants' motion for summary judgment.[1] Doc.[2] 85. Following the pretrial conference and further briefing, the court narrowed the issues to be tried. On June 8, 2015, the court heard evidence on those issues and, by memorandum opinion and order signed June 16, 2015, the court awarded INET LLC the sum of $318,189.40 for work performed under the contract with plaintiff[3] and attorney's fees in the amount of $975,539.34 for prevailing on its breach of contract claim against plaintiff. Doc. 157.[4] A final judgment was signed that same day. Doc. 158.

Plaintiff appealed and the Court of Appeals for the Fifth Circuit reversed the grants of summary judgment and vacated the court's judgment awarding damages and fees. Dallas/Fort Worth Int'l Airport Bd. v. INET Airport Sys., Inc., 819 F.3d 245 (5th

---

[1] At the time, defendants were INET Airport Systems, Inc., Michael F. Colaco, and Hartford Fire Insurance Company.

[2] The "Doc. ___" reference is to the number of the item on the docket in this action.

[3] As recited in the memorandum opinion and order of June 16, 2015, the court had long-ago determined and plaintiff admitted that it owed either INET Inc. or INET LLC for work done pursuant to the contract. There was no dispute that INET Inc. signed the contract, performed the work thereunder, and submitted its pay request to plaintiff. To the extent there were any prerequisites to the payment for work done and release of the retainage, they had occurred. Doc. 157 at 7. Further, by the time of trial, INET Inc. no longer existed but was succeeded by INET LLC, which was entitled to recover the monies owed by plaintiff. Doc. 157 at 7-8. And, one of the reasons plaintiff had not paid INET Inc. or INET LLC was its contention that INET Inc. had breached the contract between them. Doc. 152 at 76-77.

[4] The memorandum opinion and order contains a discussion of the ways in which the court was repeatedly beset by entirely new arguments raised by plaintiff as the case was being prepared for trial. Doc. 157 at 3-6.

Cir. 2016). Plaintiff sought panel rehearing, which was denied. Dallas/Fort Worth Int'l Airport Bd. v. INET Airport Sys., Inc., 821 F.3d 643 (5th Cir. 2016). In so ruling, the Fifth Circuit noted that issues inadequately briefed are considered abandoned. 821 F.3d at 644.

Although it reversed the court's summary judgment rulings and final judgments, the Fifth Circuit vastly narrowed the issues to be tried on remand. In particular, the Fifth Circuit held that the court had "correctly concluded there was no dispute of material fact regarding whether the plans and specifications were defective and had to be changed for the Rooftop Units to function properly." 819 F.3d at 250. Further, it recognized that the contract required each party to cooperate with the other. Id. at 250-51. Thus, the ultimate issue to be resolved on remand was "which party prevented performance by failing to cooperate in arriving at a solution once the parties discovered defects." Id. at 250. The court prepared a proposed verdict form in keeping with the Fifth Circuit's directives. Doc. 184. Plaintiff raised numerous objections, which the court overruled, pointing out the narrow scope of the matters to be tried. Doc. 188.

The court made slight revisions to the proposed verdict form and provided it to the parties by order signed June 27, 2017. Doc. 209. Plaintiff again raised numerous objections in a 37 page

document filed June 29, 2017, Doc. 211, accompanied by a 65 page appendix. Doc. 212. By order signed July 5, 2017, the court overruled the objections and made minor changes to the verdict form. Doc. 228. In particular, the court noted that plaintiff relied on the "law of the case" in lodging its objections, whereas the whole point of the court's proposed verdict form was to adhere strictly to the law of the case as articulated by the Fifth Circuit. Doc. 228 at 2-3.

Immediately prior to trial, plaintiff sought leave to file a supplemental answer to assert the defense of payment, representing that plaintiff had tendered to INET LLC "payment which INET has accepted" and that "[plaintiff's] payment constitutes full payment and discharge of any indebtedness owed by [plaintiff] to INET." Doc. 171, Ex. A at 2, ¶ 3. As INET explained in its response to the motion, it had not accepted any payment from plaintiff. Doc. 175. The response recited the lengthy history of plaintiff's attempts to manipulate the proceedings and avoid paying INET its attorney's fees. INET urged the court to deny the motion on the grounds of undue delay, bad faith, and prejudice. Id. The court denied the motion. Doc. 183.

On July 10 and 11, 2017, the court conducted a jury trial. On July 11, 2017, the jury returned its verdict in favor of INET Inc., finding that, after plaintiff and INET Inc. learned that

4

the plans and specifications were defective, plaintiff intentionally conducted itself in such a way that it prevented plaintiff and INET Inc. from reaching an agreement about how to address the defects in the plans and specifications. Doc. 249. On July 12, 2017, the court signed its order and final judgment awarding INET LLC the sum of $395,974.13[5] plus post-judgment interest thereon and dismissing with prejudice the claims plaintiff had asserted. Docs. 255, 256.

On July 26, 2017, INET filed its second motion for attorney's fees. Doc. 257. Plaintiff filed a document requesting an opportunity for adversary submission on attorney's fees. Doc. 260. By order signed July 27, 2017, the court clarified that it intended to determine the matter of attorney's fees based on briefs and supporting affidavits or declarations and did not anticipate taking oral testimony, although the matter might be set for hearing if the court determined that a hearing would be helpful. Doc. 261. Plaintiff filed its response to the motion, Doc. 275, and appendix in support, Doc. 276. INET filed its reply and appendix. Docs. 282, 283.

---

[5] The court found that the parties had stipulated or otherwise agreed that the total amounts INET Inc. had earned under the contract was $319,189; that plaintiff admitted its obligation to pay that amount for work done by INET Inc., plus prejudgment interest. Plaintiff had tendered prejudgment interest in the amount of $76,785.13 and the court concluded that such amount was appropriate to be included in the award made to INET LLC pursuant to its counterclaim against plaintiff. Doc. 255 at 4-5.

In the interim, plaintiff appealed from the judgment on the jury's verdict. Doc. 263. The court determined that it would hold the matter of attorney's fees in abeyance pending the appeal since additional fees might be appropriate depending on the Fifth Circuit's ruling. Doc. 284. After transmission of the record on appeal, plaintiff filed a motion to dismiss its appeal, which was granted. Doc. 285. Apparently, no agreement was reached as to the award of attorney's fees.

II.

Merits of the Motion and Plaintiff's Opposition

Relying on the law of the case doctrine, as plaintiff once did, and the waiver doctrine, INET contends that plaintiff cannot now relitigate the propriety of the $975,539.34 initially awarded as attorney's fees following the first trial in this action. Plaintiff does not dispute that it did not raise on its first appeal any issue regarding the propriety of the amount of the award. Instead, it urges that because the award was vacated, it is, in effect, a nullity.

The law of the case doctrine is a complicated one that does not seem to fit exactly the issue now before the court. See Medical Ctr. Pharmacy v. Holder, 634 F.3d 830 (5th Cir. 2011). Rather, the waiver doctrine is applicable. It holds that an issue that could have been, but was not, raised on appeal is forfeited

6

and may not be revisited by the district court on remand. Id. at 834. The waiver doctrine is a consequence not of a ruling by the court of appeals, but of a party's inaction. Lindquist v. City of Pasadena, 669 F.3d 225, 239 (5th Cir. 2012). "The doctrine promotes procedural efficiency and 'prevents the bizarre result that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" Id. at 239-40 (citation omitted). Here, as in Lindquist, plaintiff could have attacked the basis for the court's award of attorney's fees as well as the reasonableness, necessity, equity, and justice of the award, but failed to do so. It cannot now raise arguments that could and should have been raised on the first appeal.

Plaintiff's primary objection to an award of attorney's fees to INET is the contention that § 271.153 of the Texas Local Government Code does not create a right to recover attorney's fees. This is the first time that plaintiff has raised the argument. When the court first considered the award of attorney's fees, the parties were in accord that the provisions of § 271.153 governed. Doc. 157 at 8. Plaintiff's argument at the time was that attorney's fees could only be awarded on INET's counterclaim, citing § 271.153 as "limiting recovery of fees to those 'awarded in an adjudication *brought against a local*

*governmental entity for breach of a contract.'"* Doc. 130 at 6. Plaintiff argued that the counterclaim fees must be segregated from those incurred in defending against plaintiff's claims. Id. Plaintiff reiterated its position in several additional filings it made.

In its legal brief in support of its position on the legal issues remaining to be resolved, plaintiff stated: "If INET LLC is not successful in its breach of contract claim against [plaintiff], then it is not entitled to recover attorneys' fees from [plaintiff]. Tex. Loc. Gov't Code § 271.153." Doc. 133 at 7. In another filing, plaintiff said:

> In the present case, "the Legislature specifically designate[d] when attorney's fees may be recovered and, in doing so, distinguishe[d] between fees and damages." In re Nalle, 406 S.W.3d at 173. The Legislature has provided that attorneys' fees may be recovered under Tex. Local Gov't Code § 271.153 in connection with the "balance due under the contract."

Doc. 154 at 5. And, in yet another filing, plaintiff explained:

> Applying the rules of statutory construction to the present case, it is clear that the Legislature's intent under Tex. Local Gov't Code § 271.153 was to allow recovery of attorneys' fees only for the fees that are necessary for an adjudication for the "balance due under the contract." . . .
>
> Moreover, . . . [t]he Legislative intent was to limit damages recoverable to "those expressly allowed under Subsection (a)(1)." Under this subsection, the only attorney's fees recoverable are fees that are necessary for an adjudication for the "balance due under the contract."

8

Doc. 156 at 4.[6]

The court is satisfied that the waiver doctrine precludes its consideration of plaintiff's belated argument regarding the applicability of § 271.153. Even though INET has now incurred additional fees for which it seeks an award, the legal argument regarding applicability of Local Government Code § 271.153 is the same as it would have been at the time of the first appeal. Lindquist precludes the argument.

Even if the argument were not precluded, the court finds it to be without merit. Section 271.153 provides, in pertinent part:

> (A) Except as provided by Subsection (c), the total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
>
> > (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
> >
> > (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
> >
> > (3) reasonable and necessary attorney's fees that are equitable and just; and

---

[6]As the court explained in its memorandum opinion and order awarding attorney's fees, INET had to defeat plaintiff's breach of contract claim in order to recover and, thus, was entitled to fees incurred in defending against plaintiff's breach of contract claim. Doc. 157 at 8-10 (citing cases).

(4) interest as allowed by law, including
interest as calculated under Chapter 2251,
Government Code.

Tex. Loc. Gov't Code §271.153(a).

When chapter 271 of the Local Government Code (the "Act") containing the provisions regarding adjudication of claims arising under written contracts with local governmental entities, including § 271.153, was first enacted, § 271.153 did not include subsection (3) regarding attorney's fees. Rather, § 271.159 was titled "NO RECOVERY OF ATTORNEY'S FEES" and provided:

> Attorney's fees incurred by a local governmental entity
> or any other party in the adjudication of a claim by or
> against a local governmental entity shall not be
> awarded to any party in the adjudication unless the
> local governmental entity has entered into a written
> agreement that expressly authorizes the prevailing
> party in the adjudication to recover its reasonable and
> necessary attorney's fees by specific reference to this
> section.

Act of June 17, 2005, 79th Leg., R.S., 2005 Tex. Sess. Law Serv. Ch. 604, eff. Sept. 1, 2005. Effective June 18, 2009, § 271.159 was repealed and § 271.153(a) was amended to include as subsection (3) "reasonable and necessary attorney's fees that are equitable and just." Act of June 19, 2009, 81st Leg., R.S., 2009 Tex. Sess. Law Serv. Ch. 1266. The contract at issue was signed after the 2009 amendments took effect.

The court is to construe a statute as a whole, rather than viewing individual provisions in isolation. City of Dallas v. TCI

10

West End, Inc., 463 S.W.3d 53, 55 (Tex. 2015). In doing so, the court presumes that the Legislature selected the statute's language with care, choosing each word for a purpose. Id. The court must not interpret a statute in a manner that renders any part of it meaningless or superfluous. Crosstex Energy Servs., L.P. v. Pro Plus, Inc., 430 S.W.3d 384, 390 (Tex. 2014). And, the court gives weight to changes in language since it presumes that deletions are intentional and that lawmakers enact statutes with complete knowledge of existing law. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 443 (Tex. 2009). "It is, of course, axiomatic that the deletion of language better indicates the Legislature's intent to remove its effect, rather than to preserve it." Id.

Here, as noted, the Legislature chose to repeal the provision stating that attorney's fees could only be recovered in very limited circumstances as provided in a written contract between the parties. Instead, the Legislature enacted a provision allowing an award of "reasonable and necessary attorney's fees that are equitable and just."

Plaintiff argues that attorney's fees may only be awarded against it if another statutory provision authorizes the award. That interpretation, however, would violate the rules of statutory construction. Chapter 271 of the Local Government Code

11

addresses the adjudication of claims under written contracts with local governmental entities. Each section of the chapter deals with a different subject. Waiver of immunity is addressed by § 271.152, whereas § 271.153 addresses limitations on the amount of money that can be awarded in a lawsuit for breach of contract brought against a local governmental entity. Plaintiff's construction would render § 271.152 superfluous or meaningless. The Supreme Court has held that the "subject to the terms and conditions" phrase in § 271.152 incorporates the other provisions of the Act to define the scope of its waiver of immunity. Zachry Constr. Corp. v. Port of Houston Auth., 449 S.W.3d 98, 108 (Tex. 2013). Thus, the waiver does not extend to tort suits, § 271.157, or allow recovery beyond that permitted under § 271.153. Id. Section 271.153 does not limit the scope of the waiver of immunity as to attorney's fees by requiring that attorney's fees must be authorized by other law. It only limits the waiver (or defines its scope) by requiring that attorney's fees be reasonable and necessary, equitable and just.

In addition, the court is to consider the provisions of § 271.153 as a whole. Clearly, subsection (3) is distinguishable from subsection (4). The only limitation on attorney's fees is that they be "reasonable and necessary," "equitable and just." The limitation on interest, however, is that it be "as allowed by

12

law." Attorney's fees are not limited to those "allowed by law." And, indeed, this is how Texas courts have interpreted the provision. See Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 412-13 & n.5 (Tex. 2011)(noting that § 271.153 was amended in 2009 to additionally allow for reasonable and necessary attorney's fees that are equitable and just); City of Willow Park v. E.S. & C.M., Inc., 424 S.W.3d 702, 711 (Tex. App.-Fort Worth 2014, pet. denied); City of Pearsall v. Tobias, No. 04-16-00815-CV, 2017 WL 3495137, at *7-8 (Tex. App.-San Antonio Aug. 16, 2017, no pet. h.).

The court is not persuaded by plaintiff's arguments in this regard. It says that the purpose of the Act as a whole "is to waive immunity." Doc. 275 at 4. The purpose of the waiver is to bring fairness to business relationships between contractors and local government entities. City of Willow Park, 424 S.W.3d at 707. Accordingly, the Supreme Court of Texas has interpreted the Act to allow damages as stated in § 271.153 without the requirement that they be provided for in the contract between the parties or otherwise. Zachry, 449 S.W.3d at 112 & n. 66. (The dissent had vigorously argued that the statute permitted an award of damages only if provided for or contemplated by the contract. 449 S.W.3d at 130 (Boyd, J., dissenting).) If attorney's fees had to be authorized by some other statutory provision,

13

§ 271.153(a)(3) would be meaningless since there does not appear to be any such statute.[7] See, e.g., City of Corinth v. NuRock Dev., Inc., 293 S.W.3d 360, 370 (Tex. App.-Fort Wort 2009, no pet.)(Tex. Civ. Prac. & Rem. Code § 38.001 does not apply to governmental entities).

The cases plaintiff relies upon do not cause the court to believe that its argument should prevail. Both GLF Constr. Corp. v. Dallas Area Rapid Transit Auth., No. 3:10-CV-2197-P, 2012 WL 12882077 (N.D. Tex. Sept. 7, 2012), and Dallas Area Rapid Transit v. Agent Sys., Inc., No. 02-12-00517-CV, 2014 WL 6686331 (Tex. App.-Fort Worth Nov. 26, 2014, pet. denied), concern § 271.153(a)(4), which clearly limits interest to that "as allowed by law." That restriction is not included in the attorney's fees provision, § 271.153(a)(3). And, County of Galveston v. Triple B Servs., LLP, 498 S.W.3d 176 (Tex. App.-Houston [1st Dist.] 2016, pet. denied), contains a discussion of a similar, but distinguishable, statute, Tex. Loc. Gov't Code § 262.007, which does not have the same statutory history or parallel language to the Act. For the reasons discussed, supra, the court is persuaded that a Texas court

---

[7] The Legislature would have known this at the time it amended the Act. Entergy, 282 S.W.3d at 443.

14

considering § 271.153(a)(3), would allow the award of attorney's fees in a case like this one.

Although plaintiff now argues that there has been no determination of INET's claim for breach of contract, the breach has been established as a matter of law. The jury found that plaintiff breached the contract first. It is undisputed that plaintiff did not pay to INET the amounts due and owing under the contract because of its contention that INET had breached the contract. Plaintiff belatedly tendered to INET two checks for the amount due and owing, but INET still had to persuade the jury that plaintiff had first breached the contract to be able to prevail on its own breach of contract claim. As the Supreme Court has noted, an unaccepted settlement offer has no force and creates no lasting right or obligation. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 666 (2016). Plaintiff could not cut off INET's rights by making a tender that was not accepted.

Plaintiff has not objected to the reasonableness of the fees incurred by INET and the court is satisfied that the amount claimed is reasonable and that the fees were necessarily incurred by INET. The court also finds that the award it contemplates is equitable and just. The history of the litigation is replete with instances of plaintiff repeatedly making arguments that had already been rejected, raising new arguments at the last minute,

15

and filing numerous motions and other papers designed to cause INET to incur additional attorney's fees and to delay the outcome of the proceedings. Plaintiff would not have had a legitimate reason for complaining about the reasonableness, necessity, equity or justice of the award even had it chosen to contest the amount sought.

The court ORDERS that INET's second motion for attorney's fees be, and is hereby, granted, and that INET LLC have and recover from plaintiff its reasonable attorney's fees in the amount of One Million, Five Hundred Ninety Thousand, Eighty-Five and 23/100 Dollars ($1,590,085.23).

SIGNED September 21, 2017.

_____
JOHN McBRYDE
United States District Judge